UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHG COMMUNICATIONS, INC.,

                                 Plaintiff,

against

PENACHIO MALARA LLP, ANNE PENACHIO,
BRONSON LAW OFFICES, PC, and BRUCE BRONSON,

                                 Defendants.

CIVIL ACTION NO.: 19 Civ. 2230 (LTS) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

      Before the Court is Plaintiff's Letter-Motion to compel discovery from Defendants and for attorney's fees (the "Motion"). (ECF No. 67). The Court has reviewed the responses from Penachio Malara LLP and Anne Penachio (the "Penachio Defendants") (ECF No. 68), and from Bronson Law Offices P.C. and Bruce Bronson (the "Bronson Defendants") (ECF No. 69) (together, the "Defendants"). For the reasons set forth below, the Motion is DENIED.

      On January 23, 2020, Plaintiff emailed a request for documents, interrogatories, and request for admissions to Mr. Bronson, and the Penachio Defendants' prior counsel, Mr. Robert Mordica (the "Discovery Requests"). (ECF No. 67 at 2). Mr. Mordica was no longer with the firm that had appeared on behalf of the Penachio Defendants, and Plaintiff's counsel received a message that his email was undeliverable. (Id.) Instead of attempting to serve new counsel for the Penachio Defendants, Plaintiff's counsel sent the Discovery Requests to Mr. Mordica at his new firm. (Id.) The Penachio Defendants allege that the Discovery Requests were actually served on April 14, 2020. (ECF No. 68 at 1).

Plaintiff now alleges that the Defendants' answers and admissions to the Discovery Requests are overdue under Federal Rule of Civil Procedure 33, and that Defendants waived their objections to the Discovery Requests by not responding in a timely manner.  (ECF No. 67 at 2).  Accordingly, Plaintiff requests "an order compelling interrogatory answers and admissions, and awarding Plaintiff its attorneys fees."  (ECF No. 67 at 1, 3).

In response, Defendants rightly point to the fact that Plaintiff fails to mention that between serving the Discovery Requests and the current Motion, the Court held an initial case management conference with the parties on May 27, 2020, after which the Court entered a case management scheduling order that outlined the operative discovery schedule (the "Case Management Schedule").  (ECF No. 66).  At no point in this initial conference did Plaintiff mention the outstanding Discovery Requests or request any relief from the Court regarding the Discovery Requests, the responses to which, under Plaintiff's view, would have been outstanding at the time of the initial conference on May 27, 2020.

The Penachio Defendants state that they first received the Discovery Requests on April 14, 2020, not in January.  (ECF No. 68 at 1).  They explain that their prior counsel, Mr. Mordica, left the firm in September 2019, months before Plaintiff attempted to serve the Discovery Requests in January 2020, and he did not forward the requests to the Penachio Defendants or communicate with them in any way since his departure from the firm.  (Id. at 2).  The Penachio Defendants complied with the Case Management Schedule, which they believed controlled the discovery deadlines in the case.  (Id.)  The Bronson Defendants were similarly under the impression that the operative discovery deadlines were governed by the Case Management Schedule.  (ECF No. 69).

Because Plaintiff failed to raise the issue of the Discovery Requests at the time of the initial conference, and made no objections at any point to the Case Management Schedule, the Motion is DENIED. The operative discovery schedule is the one entered by the Court on May 27, 2020 at ECF No. 66.

The Clerk of Court is respectfully directed to terminate the Letter-Motion at ECF No. 67.

Dated:   New York, New York
         June 24, 2020

                              SO ORDERED

                              _____
                              **SARAH L. CAVE**
                              **United States Magistrate Judge**