UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WGH COMMUNICATIONS, INC.,

Plaintiff,

-v- No. 19-CV-2230-LTS

PENACHIO MALARA LLP, et al.,

Defendants.

-------------------------------------------------------x

ORDER

Plaintiff WGH Communications, Inc. ("WGH") brings this action against defendants Penachio Malara LLP, Anne Penachio, Bronson Law Offices, PC, and Bruce Bronson ("Defendants"), asserting a single claim of legal malpractice arising out of Defendants' alleged failure to timely appeal a confirmation order issued on May 10, 2018, in the bankruptcy proceeding CM Wind Down Topco Inc., No. 17-13381-SCC (Bankr. S.D.N.Y.) (the "Cumulus Bankruptcy"). According to WGH, the amended reorganization plan confirmed in that order (the "Amended Plan") violated the absolute priority rule, which "provides that a reorganization plan may not give 'property' to the holders of any junior claims or interests 'on account of' those claims or interests, unless all classes of senior claims either receive the full value of their claims or give their consent." In re DBSD N. Am., Inc., 634 F.3d 79, 88 (2d Cir. 2011).

On February 27, 2020, this Court issued an Order (Docket Entry No. 37), granting WGH's unopposed motion for leave to amend its Complaint, "subject to modification of the content of that complaint to address the jurisdictional issue" set forth below:

> Plaintiff's existing Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but omits allegations concerning the citizenship of the members of Defendant Penachio Malara

> LLP. Because the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members, see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999), Plaintiff's First Amended Complaint should include allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court.

(Id. at 1.)

On February 28, 2020, WGH filed its First Amended Complaint. (Docket Entry No. 39, "FAC.") The FAC asserts that the Court has jurisdiction based on diversity of citizenship, and alleges that "Penachio Malara LLP is a citizen of the State of New York," but includes no allegations concerning the citizenship of the members (i.e., the partners and any limited partners) of Penachio Malara LLP, other than co-defendant Anne Penachio (who is also alleged to be a citizen of the State of New York).

On April 3, 2020, Defendants filed twin motions to dismiss. (Docket Entry Nos. 48 and 51.)[1] Defendants argue that the FAC should be dismissed for lack of subject matter jurisdiction because, by failing to plead the citizenship of the members of Penachio Malara LLP, WGH has "failed to show that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332." (Docket Entry No. 50 at 4-5.) Defendants further argue that the FAC should be dismissed for failure to state a claim for legal malpractice because, among other deficiencies, (1) the FAC's claim that the Amended Plan violated the absolute priority rule is conclusory, and therefore WGH fails to allege that any appeal of the Amended Plan by WGH would have been successful, and (2) the FAC fails to allege that WGH incurred any ascertainable damages as a result of Defendants' alleged failure to timely appeal. (Id. at 9-13; Docket Entry No. 53 at 7, 9-10.)

---

[1] Penachio Malara LLP and Anne Penachio filed the motion at Docket Entry No. 48; Bronson Law Offices, PC, and Bruce Bronson filed the motion at Docket Entry No. 51.

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Indeed, the Court may not proceed to the merits of a dispute until it is satisfied that subject matter jurisdiction over that dispute exists. Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 619 (2d Cir. 2019) ("[A] a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction."). As the Court stated in its Order dated February 27, 2020, the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members, and the FAC omits any allegations concerning the citizenship of the members of Defendant Penachio Malara LLP. The Court therefore grants Defendants' motions to dismiss the FAC to the extent those motions seek dismissal on the basis that the FAC fails to allege a basis for this Court's exercise of subject matter jurisdiction.

If WGH seeks to file a further amended pleading to cure the FAC's jurisdictional deficiency, it must file a motion for leave to do so no later than **August 21, 2020.** WGH's motion should attach its proposed Second Amended Complaint, as well as a redline or other comparison tracking the changes between the FAC and the proposed pleading.[2] Responses and

---

[2] WGH is further advised that it appears to the Court that WGH's pleading, in its current iteration, fails to allege facts in support of its conclusory assertion that the Amended Plan in the Cumulus Bankruptcy violated the absolute priority rule, which only prohibits a plan from giving "'property' to the holders of any junior claims or interests 'on account of' those claims or interests, unless all classes of senior claims either receive the full value of their claims or give their consent." In re DBSD N. Am., Inc., 634 F.3d at 88. The FAC alleges neither what value "all classes of senior claims" received under the Amended Plan, nor that any holder of a junior claim or interest received property "on account of" that claim or interest. Similarly, it appears that the FAC fails to allege

replies shall be filed in accordance with Local Civil Rule 6.3, unless the parties agree to and the Court approves a different schedule.

If WGH fails to file a motion for leave to amend by August 21, 2020, the Court will dismiss this action without prejudice and without further opportunity to amend. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) (dismissals for lack of jurisdiction must be entered without prejudice). See also Eyeghe v. Thierry, No. 14-CV-1914 (JMF), 2014 WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (dismissing action brought against individual and limited liability company where "the Court previously advised Plaintiff of his failure to adequately plead [the limited liability company's] citizenship, gave him an opportunity to amend, and explicitly warned that failure to remedy the defect would result in dismissal without further opportunity to amend.").

Docket Entry Nos. 48 and 51 are resolved.

SO ORDERED.

Dated: New York, New York
July 23, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

plausible facts in support of WGH's claim that it suffered ascertainable damages from Defendants' alleged failure to timely appeal the Amended Plan (e.g., the operation of the Amended Plan; how much WGH received under the Amended Plan; any alternative distribution scheme that might have been adopted on remand had WGH prevailed in an appeal; and/or what WGH would have received under such an alternative distribution scheme). Failure to augment these claims with additional allegations of fact may result in denial of WGH's motion for leave to amend as futile.