UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WGH COMMUNICATIONS, INC.,

        Plaintiff,

-v-                                          No. 19-CV-2230-LTS-SLC

PENACHIO MALARA LLP, et al.,

        Defendants.

-------------------------------------------------------x

### ORDER ADOPTING REPORT AND RECOMMENDATION

        Plaintiff WGH Communications, Inc. seeks leave to further amend the complaint in this action to assert claims for legal malpractice, breach of contract, and breach of fiduciary duty against Defendants Penachio Malara LLP, Anne Penachio, Esq., Bronson Law Offices, PC, and Bruce Bronson, Esq. ("Defendants").  The Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332.  On July 23, 2020, the Court granted Defendants' motions to dismiss Plaintiff's First Amended Complaint (Docket Entry No. 39), but permitted Plaintiff to file a motion for leave to file a further amended pleading.  (Docket Entry No. 71.)  On August 21, 2020, Plaintiff filed a motion seeking leave to file a proposed Second Amended Complaint (Docket Entry No. 72-2).  (Docket Entry No. 72.)  On November 24, 2020, Magistrate Judge Cave issued a Report and Recommendation which recommends that Plaintiff's motion for leave to amend be denied as futile.  (Docket Entry No. 82, the "Report.")  Plaintiff filed an Objection to the Report on December 3, 2020.  (Docket Entry No. 83, the "Objection.")  Defendants Anne Penachio and Penachio Malara LLP responded to the Objection on December 17, 2020.  (Docket

Entry No. 84.) On December 20, 2020, Plaintiff filed an unauthorized reply brief in support of its Objection. (Docket Entry No. 85-3.)[1]

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (Westlaw through P.L. 116-259). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate judge's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." Lesser v. TD Bank, N.A., 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

To the extent that Plaintiff has raised specific objections that do more than simply repeat arguments made before the Magistrate Judge, the Court has reviewed them de novo and finds them unavailing. The Court finds no error in Magistrate Judge Cave's thorough and thoughtful Report and, therefore, adopts the Report in its entirety.

Plaintiff has not requested permission to file a further amended pleading to remedy the defects identified in the Report, nor proffered any facts which, if alleged, might remedy those defects. The Court, having previously advised Plaintiff about most of those defects in its Order granting Defendants' motions to dismiss the First Amended Complaint (see Docket Entry No. 71 at 3 n.2), therefore declines to afford Plaintiff sua sponte yet another opportunity to

---

[1] See Mordukhaev v. Daus, No. 09-CV-5149 (SHS), 2010 WL 3792191, at *1 n.1 (S.D.N.Y. Sept. 28, 2010) ("Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report[.]") (collecting cases), aff'd, 457 F. App'x 16 (2d Cir. 2012). Plaintiff did not request permission to file the reply. The Court has nonetheless, in the interests of efficiency and completeness, considered the reply, which adds nothing substantial to Plaintiff's Objection.

file a proposed amended pleading.  See Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) ("no court can be said to have erred in failing to grant a request that was not made"); Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend may be appropriate "where the request gives no clue as to how the complaint's defects would be cured") (citation and internal quotation marks omitted).

Plaintiff's motion to file a Second Amended Complaint is denied.  This Order resolves Docket Entry No. 72.  The Clerk of Court is respectfully requested to enter judgment dismissing the First Amended Complaint and close this case.

SO ORDERED.

Dated: New York, New York
February 12, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge