UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WGH COMMUNICATIONS, INC.,

       Plaintiff,

  -v-                                                 No.  19-CV-2230-LTS-SLC

PENACHIO MALARA LLP, et al.,

       Defendants.

-------------------------------------------------------x

ORDER

       Before the Court is Plaintiff's motion for reconsideration (Docket Entry No. 91) of the Court's February 12, 2021, Order (Docket Entry No. 86, "February 12 Order"), adopting Magistrate Judge Cave's Report and Recommendation (Docket Entry No. 82) denying Plaintiff's motion for leave to file a Second Amended Complaint.  (Docket Entry No. 72.)   The Court has considered Plaintiff's motion carefully and, for the following reasons, denies the motion.

       A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).  Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation

Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  Plaintiff moves for reconsideration pursuant to Southern District of New York Local Civil Rule 6.3, which is "intended to ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters."  Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has not identified any legal or factual basis justifying reconsideration of the February 12 Order, has not pointed to any controlling authority—intervening or otherwise—that commands a result different than that reached in that Order, and has failed to demonstrate any fundamental unfairness or "need to correct a clear error or prevent manifest injustice."  Virgin Atlantic Airways, 956 F.2d at 1255 (citation omitted).  Instead, Plaintiff merely repeats the arguments it made in its briefing filed in connection with its motion for leave to amend (see Docket Entry Nos. 72-6, 80), and its objections to Judge Cave's Report and Recommendation.  (See Docket Entry Nos. 83-5, 85-3.)  However, "[m]otions for [r]econsideration are not means to make the same arguments already rejected by the Court after careful consideration."  Pharm. Inc. v. Serenity Pharm., LLC, No. 17-CV-9922 (CM) (SA), 2020 WL 6568381, at *1 (S.D.N.Y. May 13, 2020).  See also Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Because the Court did not overlook Plaintiff's earlier arguments and Plaintiff has failed to demonstrate an intervening change of controlling law, the availability of material new

evidence, or the need to correct a clear error or prevent a manifest injustice, the motion to reconsider the Court's February 12 Order is denied.

This Order resolves Docket Entry No. 91.

SO ORDERED.

Dated: New York, New York
February 19, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge